**United States District Court**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DARYL CHRISTOPHER SIMMONS, #02390647 | § § § | |
| | § | CIVIL ACTION NO. 4:25-CV-00691-ALM- |
| v. | § | AGD |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING AS MODIFIED REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 29, 2025, the Magistrate Judge entered a Report and Recommendation (Dkt. #3) that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #2) be denied as time-barred, and that the case be dismissed with prejudice. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration.

Both Petitioner and the Director filed timely objections to the Report. (Dkt. ##5, 7). The Director objects to the finding that Petitioner's state habeas application was filed on July 30, 2024. (Dkt. #5 at 1). He asserts that this was the date when the application was received by the Texas Court of Criminal Appeals ("TCCA"), as shown in the online state court records, and that Petitioner's own submissions (Dkt. #2-2 at 7) indicate that the application was filed in the state habeas trial court on or about June 27, 2024. (Dkt. #5 at 2). The Director asserts, however, that even using the earlier filing date, the petition remains time-barred. (Dkt. #5 at 2). The Director is correct. The findings of the Magistrate Judge are modified to reflect that the state habeas

application was filed on June 27, 2024. As modified, the Magistrate Judge's findings and conclusion that the petition is time-barred is correct.

In Petitioner's objections, he concedes that his petition was untimely filed but argues that the Magistrate Judge "misunderstood" the Supreme Court's holdings in *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012), and that they should apply "to save this petition." (Dkt. #7 at 1–3). Petitioner is mistaken. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See Moody v. Lumpkin*, 70 F.4th 884, 892 (5th Cir. 2023) ("*Martinez* established a narrow, equitable exception to procedural default; it has no applicability to the statutory limitations period prescribed by AEDPA."); *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Warren v. Dir., TDCJ-CID*, No. 1:18-CV-440, 2021 WL 2561765, at *3 (E.D. Tex. May 14, 2021) (concluding that *Martinez* and *Trevino* "do not provide a basis for [the] petitioner's untimely filed federal petition"), *report and recommendation adopted*, No. 1:18-CV-440, 2021 WL 2554079 (E.D. Tex. June 21, 2021); *Gaines v. Dir., TDCJ-CID*, No. 6:12CV11, 2014 WL 978306, at *4 (E.D. Tex. Jan. 24, 2014) ("*Martinez* and *Trevino* on their faces provide an exception to an existing procedural bar—that is, a showing of cause and prejudice to excuse the default—that is not present here. The cases are inapplicable here, where Petitioner's claims are simply time-barred through his own action."), *report and recommendation adopted*, No. 6:12CV11, 2014 WL 978479 (E.D. Tex. Mar. 5, 2014). Petitioner's objections are without merit.

The Court has conducted a de novo review of the objections and the portions of the Report to which the parties specifically object, along with all other relevant pleadings. Having done so, the

Court is of the opinion that the findings of the Magistrate Judge, as modified, are correct and adopts the Magistrate Judge's Report, as modified herein, as the findings of the Court.

It is therefore **ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #2) is **DENIED**, and that the case is **DISMISSED** with prejudice. It is further **ORDERED** that a certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 23rd day of April, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

3